JOHNSON v. HARPOLE.

Opinion delivered March 5, 1928.

BANKRUPTCY—LIABILITY OF PURCHASER OF BANKRUPT'S INTEREST.—A husband and wife, tenants by entirety, executed a mortgage to secure a note; the husband's interest was sold by the trustee in bankruptcy, and after maturity of the note the wife paid the principal and interest; held, there being no obligation on the part of the purchaser at the trustee's sale to pay the note, or any part, except to protect his interest in the land, he was chargeable only with half of the note and interest paid.

Appeal from Clay Chancery Court, Western District; J. M. Futrell, Chancellor; reversed.

F. G. Taylor, for appellant.

C. T. Bloodworth, for appellee.

McHANEY, J. For some years prior to November 12, 1921, appellee and her husband, M. L. Harpole, were the owners as tenants by the entirety of the land in controversy. A short while prior to said date, M. L. Harpole was adjudged a bankrupt, and on said date all his interest in said land was sold by the trustee in bankruptcy to appellant, who received a deed therefor from the trustee, subject to a mortgage on said land in favor of W. D. Polk in the sum of $1,000, given to secure a note to said Polk in said sum, dated February 14, 1921, due February 14, 1923, with interest at 10 per cent., both the note and mortgage being signed by M. L. Harpole and

appellee. After appellant purchased the interest of M. L. Harpole, appellee refused to recognize any right or interest therein of appellant, she holding possession, receiving and using all the rents and profits therefrom. She made some improvements, paid some taxes, and refused to make any accounting to appellant for his interest therein. On the 3rd day of May, 1924, some months after the maturity of the note, appellee paid to Polk, the holder of the mortgage, the principal sum and interest due thereon, and he made the following indorsement on the mortgage: "For value received I hereby assign and transfer the within note, together with all security, without recourse, to Paralee Harpole, this 3d day of May, 1924.   W. D. Polk."

This suit was brought by appellant for an accounting on the 31st day of January, 1925, in which he claimed that he was entitled to one-half the rents and profits from said land for the year 1922 and subsequent years, less his share of the taxes and the mortgage paid by appellant, if any, the exact allegations in the complaint being as follows: "Plaintiff further states that said defendant has received all the rents and profits from said land since he became the joint owner of the same, that the reasonable rental value of said land per year is $800, which, to include that year, would amount to the sum of $2,000 for his share of the rent of said land; that if said defendant has paid any taxes on said land or any part of the mortgage due thereon, she is entitled to credit for same."

On a trial the court found the rental value of the land to be $225 per year for the years 1922 to 1926 inclusive, and that appellant was entitled to one-half thereof for each year, with 6 per cent. interest from the first day of January of each year subsequent to the year in which the rent was due. Appellant was charged with one-half the taxes for each year, with 6 per cent. interest from the date of payment, $150 for repairs, and further charged with the whole amount of the amount of the mortgage with interest at 10 per cent. from February 14, 1921, and

a lien was fixed on his interest in said land to secure the payment thereof. A decree was entered in accordance with these findings, from which is this appeal.

The only question we find it necessary to determine in this case is whether the court correctly charged appellant with the full amount of the mortgage indebtedness existing against the land at the time he purchased M. L. Harpole's interest therein. This is an estate by the entirety. The whole estate was mortgaged to secure the indebtedness to Polk, and both the note and mortgage were executed jointly by M. L. Harpole and appellee. Each testified that it was the debt of the other. They were both jointly liable for this debt. Appellant, by his purchase at the trustee's sale, did not assume or agree to pay this indebtedness. He merely bought M. L. Harpole's interest in this estate, subject to this indebtedness. Appellee did not pay this note when it was due, and neither did her husband. It was paid after maturity. It is a general rule, supported by a unanimity of authority, as well as by our statute, that "a negotiable instrument is discharged when the principal debtor becomes the holder of the instrument at or after maturity in his own right." See 7885, C. & M. Dig., sub. 5. See also *Harding* v. *Hagler, ante,* p. 146. The first subdivision of the above section of the Digest also provides that "a negotiable instrument is discharged by payment in due course, by or on behalf of the principal debtor." The attempted assignment by Polk to appellee amounted to no more than a cancellation of the instrument, as, under the law, the instrument was discharged when she became the holder of it in her own right, after maturity. There being no obligation on appellant to pay this note, or any part thereof, except to protect his interest in the land, we are of the opinion that fairness and equity will only require him to be chargeable with one-half of the amount of the note and interest paid by appellee. It was paid for the protection of their joint interest, each being equally interested in one-half the net profits from the land, and both interests being equally

·imperiled by the mortgage thereon, and that he should be charged with interest on one-half of the interest payments made by appellee, as well as one-half the principal debt from the date of such payments, at 6 per cent. per annum.

The other questions raised with reference to the amount of taxes paid, both general and special, may be adjusted between counsel on a remand of the case, as seems apparent from the brief of counsel for appellee.

The cause will therefore be reversed, and remanded with directions to enter a decree in accordance with this opinion. It is so ordered.